## JORDAN MARSH CO. v. UNITED STATES

No. 7240.—Invoices dated Belfast, Ireland, November 7, 1935, etc.
Certified November 8, 1935, etc.
Entered at Boston, Mass., November 20, 1935, etc.
Entry No. 6289/1, etc.

(Decided May 15, 1947)

*Joseph F. Lockett* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

TILSON, Judge: This case includes 49 appeals listed in schedule A, hereto attached and made a part hereof, and the merchandise involved consists of crested table linens exported from Ireland and entered at the port of Boston. The merchandise was appraised on the basis of export value and the appellant contends that the proper basis of appraisement is the cost of production.

In this case, as in all reappraisement cases, the appellant has a twofold burden to bear. First, evidence must be produced sufficient to overcome the presumption of correctness in favor of the value found by the local appraiser. Second, evidence must be produced sufficient to establish a value for the merchandise different and, if the appellant is to gain any benefit, lower than the value found by the local appraiser.

On the question of value, counsel for appellant offered and there was received in evidence an affidavit executed by the costing clerk of the exporting firm. This was marked "Exhibit 1." Dealing specifically with the question of export value, the affiant states:

We did not sell or offer for sale to customers in England and/or Ireland for home consumption or to customers in the United States for exportation to that country any crested or uncrested linens of quality comparable with that of the linens sold to Jordan Marsh Company during the above period. Such linens as we did sell were different in count, and quality, from those sold by my company to the above concern.

I have no fault to find with the statements contained in the above quotation, so far as they go, but those statements are not broad enough to meet the requirements of section 402 (d) of the Tariff Act of 1930, as construed by the courts. I accept as true the statement of the affiant that his company, the exporter herein, did not sell or offer for sale to customers in the United States for exportation to that country any crested or uncrested linens of quality comparable with that of the linens sold to Jordan Marsh Co. during the period here involved, but this does not negative or disprove in any manner the presumptively correct finding of the appraiser that such or similar

merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, by others than the instant exporter. On this point the record is entirely silent, and it is, therefore, not sufficient to overcome the presumption of correctness in favor of the finding of the local appraiser.

So far as this record shows, there might have been in the country of exportation literally hundreds of persons engaged in the business of freely offering and selling such or similar merchandise to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, at prices which correspond exactly with the values found by the local appraiser in this case.

There is also a defect in the proof of cost of production, which, however, we are not required to consider because the appellant has not sustained its burden of establishing that the appraisement made by the local appraiser was wrong.

For the reasons stated I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the values found by the appraiser. Judgment will be rendered accordingly.